IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD PURDY, <br> TDCJ No. 2187077, <br><br> Plaintiff, <br><br> V. <br><br> AMANDA ROSE TALENTINOW, <br> ET AL., <br><br> Defendants. | § § § § § § § § § § § § | No. 3:21-cv-303-S-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff George Edward Purdy, a Texas prisoner, brings this *pro se* action against his ex-wife and others "for violations of the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A" (the PKPA). Dkt. No. 3. The presiding United States district judge referred Purdy's case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action, or any portion of the action, if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

"A complaint that 'lacks an arguable basis either in law or in fact' is frivolous."

*Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The complaint has no arguable basis in law if it 'alleges the violation of a legal interest which clearly does not exist.'" *Id.* (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Purdy's sole cause of action is against private individuals under the PKPA. But that statute, "an addendum to the full faith and credit statute, 28 U.S.C. § 1738," does not contain a private cause of action. *Thompson v. Thompson*, 484 U.S. 174, 183 (1988) ("Because Congress' chief aim in enacting the PKPA was to extend the requirements of the Full Faith and Credit Clause to custody determinations, the Act is most naturally construed to furnish a rule of decision for courts to use in adjudicating custody disputes and not to create an entirely new cause of action. It thus is not compatible with the purpose and context of the legislative scheme to infer a private cause of action." (citation omitted)).

Purdy's complaint is therefore frivolous, and the Court should dismiss it with prejudice. *Cf. Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (per curiam) ("Insofar as Krieg argues that his rights under the Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. § 15601 et seq., were violated, other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape. Krieg has cited no case in support of his position; therefore, any claim raised under the PREA is properly dismissed as frivolous." (citations omitted)); *Lockridge v. Bridge Shelter*, No. 3:13-cv-3195-M-BK, 2013 WL 6189307, at *2 (N.D. Tex. Nov. 26, 2013) (civil claim made under federal criminal statute,

providing no private cause of action, dismissed as frivolous).

## Recommendation

The Court should dismiss this action with prejudice as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE